F I L E D
CLERK, U.S. DISTRICT COURT
3/10/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____vam_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:22-cr-00081-MWF |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [31 U.S.C. §§ 5318(h)(1), 5322(b): Failure to Maintain an Effective Anti-Money Laundering Program] |
| CELEBRITY FINANCIAL LLC, dba "Sherman Oaks Check Cashing I, LP," | |
| Defendant. | |

The United States Attorney charges:

[31 U.S.C. §§ 5318(h)(1), 5322(b)]

Beginning on an unknown date and continuing until on or about February 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant CELEBRITY FINANCIAL LLC, doing business as, "Sherman Oaks Check Cashing I, LP" ("SOCC"), a domestic financial institution, willfully violated the Bank Secrecy Act, Title 31, United States Code, Sections 5318 and 5322 and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1022.210, by failing to develop, implement, and maintain an effective anti-money laundering program,

1 as part of a pattern of illegal activity involving more than $100,000
2 in a 12-month period.
3     Specifically, defendant SOCC willfully failed to implement and
4 maintain effective policies, procedures, and internal controls for:
5 (1) preventing the money services business from being used to
6 facilitate money laundering commensurate with the risks posed by
7 nature and volume of the financial services provided by the money
8 services business; (2) filing Currency Transaction Reports for
9 currency transactions in excess of $10,000; (3) verifying customer
10 identification, in particular as to those customers conducting
11 currency transactions in excess of $10,000 in currency in a single
12 day; and (4) filing Suspicious Activity Reports for transactions over
13 $2,000 involving funds that defendant SOCC knew, suspected, or had
14 reason to suspect that the transaction involved use of the money
15 services business to facilitate criminal activity.
16     Defendant SOCC took actions intended to undermine the
17 implementation and maintenance of an effective anti-money laundering
18 program, in that its employees: (1) encouraged SOCC customers to
19 bring large business checks to defendant SOCC and told them defendant
20 SOCC would not file Currency Transaction Reports; (2) failed to enter
21 all parties and customer information in Currency Transaction Reports;
22 and (3) failed to file Suspicious Activity Reports for transactions
23 over $2,000 that defendant SOCC knew, suspected, and had reason to
24 //
25 //
26 //
27
28

suspect that the transaction involved use of its business to facilitate criminal activity, namely, the operation of an unlawful gambling business.

TRACY L. WILKISON
United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section